## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| LISA EVETTE HARRELL SHELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:14-cv-382 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff, Lisa Evette Harrell Shellman ("Ms. Shellman"), sued under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Eastern District of Virginia Local Civil Rule 72. The Acting Commissioner has moved to dismiss this case because the statute of limitations has expired. For the following reasons, the undersigned **RECOMMENDS** that the Acting Commissioner's Motion to Dismiss, ECF No. 8, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Shellman applied for DIB and SSI on March 23, 2012, alleging a disability onset date of January 18, 2012. ECF No. 9, attach. 1 at 9. Her applications were initially denied on July 11, 2012, and, again, upon reconsideration on December 20, 2012. *Id.* Ms. Shellman, on December 22, 2012, requested a hearing before an administrative law judge ("ALJ"), who denied her applications for DIB and SSI on July 5, 2013, after a hearing on May 10, 2013. *Id.* at 9-22. She appealed this decision to the Appeals Council, which denied the appeal via notice dated November 20, 2013. *Id.* at 24-28. Therein, the Appeals Council notified Ms. Shellman in writing of its decision, her right to request judicial review of the decision by filing a civil action in this Court within sixty days after receipt of the notice, and the opportunity to request an extension of time in which to file a civil action beyond sixty days. *Id.* at 24-26. Moreover, the notice informed Ms. Shellman that it would be presumed, absent evidence to the contrary, that she received the notice five days from November 20, 2013, or November 25, 2013. *Id.* This notice was mailed to Ms. Shellman at her home address. *See id.* at 3.

On July 29, 2014, Ms. Shellman filed a Motion for Leave to Proceed *in forma pauperis*, to which she attached her proposed Complaint. ECF No. 1. The Court granted her Motion on July 31, 2014, whereupon her Complaint was deemed filed. ECF No. 2. The Acting Commissioner filed a Motion to Dismiss, brief in support, and *Roseboro* notice on October 6, 2014, requesting the Court dismiss this case as time-barred.[1] ECF Nos. 8-10. Ms. Shellman

---

[1] The Acting Commissioner's Motion to Dismiss specified Federal Rule of Civil Procedure 12(b)(6) as the appropriate mechanism for dismissal of Ms. Shellman's Complaint as time-barred, asserting that her Complaint should be dismissed because it failed "to 'state a claim to relief that is plausible on its face.'" ECF No. 9 at 2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Notably, "the motion in its substance is clearly one for lack of subject matter jurisdiction, and the defendant[] ha[s] submitted evidence outside the pleadings." *Indian Creek Monument Sales v. Adkins*, 301 F. Supp. 2d 555, 559 n. 1 (W.D. Va. 2004); *see* ECF No. 9, attach. 1. Accordingly, "the motion will be construed as one under Rule 12(b)(1) (lack of jurisdiction over the subject matter) rather than

filed a brief in opposition on October 24, 2014, ECF No. 11, and the Acting Commissioner filed

a reply brief on October 27, 2014, ECF No. 12. Therefore, this case is ripe for recommended

disposition.

## II. *PRO SE* PLEADINGS

"[A] *pro se* litigant is entitled to a liberal reading of [his] pleadings." *Jacobi v. Blocker*,

153 F.R.D. 84, 86 (E.D. Va. 1994). Moreover, "trial courts are encouraged to liberally treat

procedural errors made by *pro se* litigants, especially when a technical or arcane procedural rule

is involved." *Bauer v. Comm'r of I.R.S.*, 97 F.3d 45, 49 (4th Cir. 1996).

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law, it should not be impaired by harsh application of technical rules.

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation and quotation marks omitted). It is

with these principles in mind that the Court construes Ms. Shellman's pleadings.

## III. ANALYSIS

The Acting Commissioner argued that Ms. Shellman's Complaint is time-barred because

she did not file it within the statute of limitations.

Section 405(g) of Title 42 of the United States Code requires, in relevant part, that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The sixty-day limit in which to file a civil action "is a statute of

---

under Rule 12(b)(6), for a court cannot determine whether a proper claim is stated if the court is not satisfied that it has jurisdiction." *Id.*

limitations . . . [and] as a condition on the waiver of sovereign immunity[, ] must be strictly construed." *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. However, because § 405(g) is "unusually protective" of plaintiffs, the Court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480 (citations and quotation marks omitted).

Here, the undersigned finds that Ms. Shellman did not file her Complaint within the statute of limitations and that she is not entitled to equitable tolling. Specifically, the sixty-day time period Ms. Shellman had to file her Complaint began on November 25, 2013, upon the expiration of five days after the Appeals Council's notice was mailed to Ms. Shellman, and expired on January 24, 2014, sixty·days thereafter. At the time Ms. Shellman filed her Complaint, she had not requested an extension of time beyond the sixty-day deadline from the Acting Commissioner. ECF No. 9, attach. 1 at 3. It was not until July 29, 2014, approximately one hundred and eighty-six days late, that the Court received Ms. Shellman's Complaint, which was attached to her Motion to Proceed *in forma pauperis*. ECF No. 1. Furthermore, despite Ms. Shellman proceeding *pro se*, the equities that usually favor tolling the limitations period are not "so great [here] that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (citation and quotation marks omitted).

In Ms. Shellman's brief in opposition, she did not dispute that her Complaint was filed past the required deadline. Instead, she argued that equitable tolling was appropriate.

4

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ms. Shellman asserted that she was entitled to equitable tolling because a psychological evaluation had not been completed and was not received by Ms. Shellman until April 29, 2014 based on circumstances "out of [her] control." ECF No. 11 at 2-3. However, Ms. Shellman's absent psychological evaluation does not provide a sufficient basis for equitable tolling. Indeed, Ms. Shellman's "inability to find the necessary information to support h[er] claim, is not material to the issue [of equitable tolling] and provides no basis for tolling of the limitations period." *Hunt v. Astrue*, No. 1:10CV141, 2012 WL 6761418, at *3 (M.D.N.C. Dec. 31, 2012).

Furthermore, in her brief in opposition, Ms. Shellman argued that she established "good cause" warranting an extended deadline pursuant to 20 C.F.R. § 405.20. ECF No. 11 at 3. Notably, Ms. Shellman never requested an extension of time to file her Complaint, and even if she had filed a request for an extension of time, she would not have been entitled to an extension under 20 C.F.R. § 405.20, which specifies that the Social Security Administration may only extend a deadline when: "(1) [The Social Security Administration] misled [the claimant]; (2) [The claimant] had a physical, mental, educational or linguistic limitation(s) that prevented [the claimant] from filing a timely request; or (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from filing a timely request." 20 C.F.R. § 405.20(a). Ms. Shellman presented no evidence that the Social Security Administration's actions misled her, nor did she present evidence that the absent psychological evaluation constituted an unavoidable or unexpected circumstance preventing her from filing a timely

5

request.  To the extent that Ms. Shellman claimed that a mental impairment prevented her from filing a timely request for an extension, this argument fails because her evaluation showed "Low Average" cognitive functioning falling "Within Normal Limits" in all areas including verbal comprehension, perceptual reasoning, working memory, and processing speed.  ECF No. 3, attach. 1 at 3-4.  Finally, even if the Court were to accept Ms. Shellman's contention that she was entitled to equitable tolling because she did not receive the psychological evaluation until April 29, 2014, her Complaint was still filed more than sixty days following receipt of this evaluation, and therefore, was untimely under any circumstances.

In conclusion, because Ms. Shellman filed her Complaint well past the required deadline and has not established that she is entitled to equitable tolling, her Complaint should be dismissed.

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion to Dismiss, ECF No. 8, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE.**

## V.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Ms. Shellman is notified that:

1.  Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d).  A party may respond to another party's specific written objections within fourteen days after being

served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Plaintiff and counsel of record for the Defendant.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 30, 2014

7

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Ms. Lisa Evette Harrell Shellman
2023 Portlock Road
Chesapeake, Virginia 23324
*Pro Se* Plaintiff

Mr. Daniel P. Shean
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Counsel for the Defendant

/s/ T. Brown
_____

Fernando Galindo
Clerk of the Court

By:

Deputy Clerk
December 31, 2014

8