

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LISA EVETTE HARRELL SHELLMAN,

    Plaintiff,

v.                                     ACTION NO. 2:14cv382

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,

    Defendant.

## FINAL ORDER

The pro se Plaintiff, Lisa Evette Harrell Shellman ("Plaintiff"), brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and Supplemental Security Income under the Social Security Act.

This matter was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Report and Recommendation of the Magistrate Judge was filed on December 30, 2014, recommending that

the Acting Commissioner's Motion to Dismiss, ECF No. 8, be granted, and that this case be dismissed with prejufice.

By copy of the Report and Recommendation, ECF No. 14, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. On January 9, 2015, the Court received and filed Plaintiff's objections to the Report and Recommendation. ECF No. 15. On January 29, 2015, the Court directed Defendant to respond to Plaintiff's objections to such Report and Recommendation. ECF No. 16. On February 9, 2015, Defendant responded to Plaintiff's objections. ECF No. 17.

Following a *de novo* review of the Report and Recommendation, and the objections filed thereto, the Court will **ADOPT** the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed on December 30, 2014, as amended by this Final Order. The Court **AMENDS** the Report and Recommendation only to the extent it recommended construing Defendant's motion as a Rule 12(b)(1) motion and relied in part on the declaration attached to Defendant's motion to dismiss.[1] Instead, the Court considers such motion under Rule 12(b)(6). With

---

[1] To the extent the Court amends the Report and Recommendation's findings based on the declaration, the Court does not adopt the factual statements in the Report and Recommendation that the notice of decision was mailed to Plaintiff at her home address, see ECF No. 14 at 2, or that Plaintiff had not requested an extension from the Acting Commissioner at the time she filed the Complaint, id. at 4. Nevertheless, the Court does conclude that Plaintiff has not alleged that she sought an extension of the sixty-day limitations period from the Social Security Administration.

that small caveat, the Court adopts the remainder of the Report and Recommendation. The analysis in such Report and Recommendation is equally applicable when the Court considers Defendant's motion under Rule 12(b)(6).[2] Accordingly, based on such analysis, the Court will **DISMISS** Plaintiff's action as untimely.

The Court has also reviewed and considered the additional basis for equitable tolling that Plaintiff first raised in her objections to the Report and Recommendation. In her objections, Plaintiff contends that she is entitled to equitable tolling because she suffered from numerous mental health symptoms. At least one court

---

[2] The Report and Recommendation considered evidence outside the pleadings because it construed Defendant's motion under Rule 12(b)(1); however, aside from the two instances noted supra note 1, the evidence outside the pleadings relied on in the Report and Recommendation consists solely of a Notice of Decision by an Administrative Law Judge ("ALJ") of the Social Security Administration, ECF No. 9-1 at 6-8, such ALJ's formal decision in Plaintiff's matter, id. at 9-22, and a Notice of Action from the Social Security Administration Appeals Council, id. at 24-28. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of those three administrative records. See, e.g., Warmoth v. Bowen, 798 F.2d 1109, 1110 n.3 (7th Cir. 1986) (taking judicial notice of a Social Security Administration determination awarding benefits to a plaintiff while an appeal was pending); Martinez v. Astrue, 256 F. App'x 75, 78 n.2 (9th Cir. 2007) (unpublished) (taking judicial notice of a Social Security Administration investigation report); cf. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) (stating that "[c]ourts may take judicial notice of some public records, including the "records and reports of administrative bodies."); Guthrie v. McClaskey, Civil Action No. 1:11cv61, 2012 WL 5494457, at *2-4 (W.D. Va. Nov. 13, 2012) (taking judicial notice of rulings by a state administrative agency and collecting cases in which courts have taken judicial notice of the decisions of administrative bodies). Thus, the Court may consider those administrative materials in connection with Defendant's Rule 12 (b)(6) motion, see Tellabs, Inc. v. Makor Issues & Rights, Inc., 551 U.S. 308, 322 (2007) (indicating that a court may consider "matters of which a court may take judicial notice" when ruling on a Rule 12(b)(6) motion), just as the Report and Recommendation considered those materials while construing Defendant's motion as a Rule 12(b)(1) motion.

of appeals has held that "equitable tolling . . . may be warranted in cases where [the plaintiff] fails to seek judicial review in a timely manner because of mental impairment." Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991). However, the Fourth Circuit has not so held, see, e.g., Gamble v. Colvin, Civil Action No. 1:12-1459-TLW, 2014 WL 197740, at *3 (D.S.C. Jan. 16, 2014), and outside the Second Circuit, "the § 405(g) limitations period has been tolled only in cases of some administrative malfunction that hinders a claimant's ability to pursue his rights," Torres v. Barnhart, 417 F.3d 276, 282 (2d Cir. 2005) (Jacobs, J., concurring) (emphasis in original) (collecting cases). Thus, it is unclear that Plaintiff's alleged mental impairments present a sufficient basis for this Court to equitably toll the Section 205(g) statute of limitations.

Nevertheless, even assuming that the Court could toll the statute of limitations based on a plaintiff's mental impairment, the Court concludes that Plaintiff's allegations of mental impairment are insufficient to warrant such tolling. As an initial matter, Plaintiff has not alleged that she suffered from the "exacerbation of symptoms in [her] mental health" during the sixty-day limitations period. See ECF No. 15 at 3. However, equitable tolling requires a temporal connection between Plaintiff's alleged impairments and the statutory sixty-day limitations period. See Canales, 936 F.3d at 759. Without such connection, even if Plaintiff presently

suffers—or has suffered at some point—from significant impairments, the Court has no basis to conclude that such impairments existed within the operative limitations period so as to prevent Plaintiff from timely filing an action in this Court. In addition, although Plaintiff has alleged that she suffers from significant mental health symptoms, she <u>has not</u> alleged how such impairments prevented her from timely filing a complaint with this Court. Indeed, the very psychological evaluation Plaintiff seeks to rely upon as a basis for equitable tolling indicates, based in part on two evaluations during the sixty-day limitations period, that Plaintiff's cognitive functioning was "Within Normal Limits" for each index of intellectual functioning.[3] <u>See</u> ECF No. 3-1 at 1, 3. Therefore, the Court concludes that Plaintiff has failed to state a plausible claim that she is entitled to equitable tolling of the statute of limitations based on her alleged mental impairments and the Court will **DISMISS** Plaintiff's action as untimely.

Likewise, the Court finds that 20 C.F.R. § 405.20(2) does not present a sufficient basis for the Court to toll the statute of limitations. Plaintiff correctly notes that such regulation provides that the Social Security Administration may "extend the

---

[3] In resolving Defendant's Rule 12(b)(6) motion, the Court can consider the psychological evaluation because it is attached to the Complaint. Fed. R. Civ. P. 10(c); <u>Kensington Volunteer Fire Dep't v. Montgomery County</u>, 684 F.3d 462, 467 (4th Cir. 2012) (noting that a district court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic.").

deadline to request . . . judicial review" if a plaintiff establishes "good cause," including the presence of a "physical, mental, educational, or linguistic limitation[] that prevented [the plaintiff] from filing a timely request." 20 C.F.R. § 405.20(2)(a)(2). Plaintiff has not alleged that she availed herself of such regulation by requesting that the Social Security Administration extend the sixty-day limitations period because of Plaintiff's alleged mental impairments. Furthermore, Plaintiff has not demonstrated how such regulation authorizes the Court to toll the statute of limitations. And, as noted above, Plaintiff's allegations do not sufficiently state a plausible claim that her alleged mental impairments prevented her from timely filing an action within the limitations period. Accordingly, Plaintiff's action will be **DISMISSED**.

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss, ECF No. 8. Following a de novo review of the Magistrate Judge's Report and Recommendation, and the objections filed thereto, the Court **ADOPTS** the findings and recommendations set forth in the Report and Recommendation, as amended by this Final Order. The Court **OVERRULES** Plaintiff's objections to the Report and Recommendation, including Plaintiff's additional argument that she is entitled to equitable tolling based on her alleged mental impairments. Therefore, Plaintiff's action is **DISMISSED WITH**

PREJUDICE.

The parties are **ADVISED** that they may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Final Order.

The Clerk shall forward a copy of this Final Order to Plaintiff and to counsel of record for Defendant.

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia

February 18, 2015